UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANDREA FOSTER<br>1560 E. 214th Street<br>Euclid, OH 44117<br><br>and<br><br>TIANA JONES<br>4471 Woodglen Street, Apt. J<br>Kent, OH 44240<br><br>on behalf of themselves and all others<br>similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>ACCEPTANCE INSURANCE AGENCY<br>OF TENNESSEE, INC.<br>c/o Statutory Agent Corporation Service<br>Company<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215<br><br>    Defendant. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFFS' COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now come Plaintiffs Andrea Foster and Tiana Jones, by and through undersigned counsel, and for their Complaint against Acceptance Insurance Agency of Tennessee, Inc. ("Defendant"), state and allege the following:

### INTRODUCTION

1. This is a "collective action" instituted by Plaintiffs as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiffs and other similarly situated employees, for all hours worked, including overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action"

pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiffs' OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff Foster was a citizen of the United States and a resident of Cuyahoga County, Ohio.

6. At all times relevant herein, Plaintiff Jones was a citizen of the United States and a resident of Portage County, Ohio.

7. At all times relevant herein, Plaintiffs were employees within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

8. At all times relevant herein, Defendant was a foreign corporation organized and existing under the Laws of the State of Tennessee, licensed to conduct business in the State of Ohio.

9. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

10. At times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all times relevant herein, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

13. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

14. Defendant is a provider of personal automobile insurance and other related products.

15. Defendant employed Plaintiff Foster between March 2019 and September 2020 as a sales agent in Euclid, Ohio.

16. Defendant employed Plaintiff Jones between June 2019 and February 2020 as a sales agent in Akron, Ohio.

17. Other similarly situated employees were employed as sales agents.

18. Defendant employed sales agents in over 300 locations throughout the United States.

19. Defendant classified Plaintiffs and other similarly situated employees as non-exempt employees.

20. Defendant paid Plaintiffs and other similarly situated employees on an hourly basis.

21. Plaintiffs and other similarly situated employees frequently worked over 40 hours per week.

22. Plaintiff Foster worked on average over 40 hours each week.

23. Plaintiff Jones worked on average over 40 hours each week.

**(Failure to Pay For Time Spent Starting and Logging Into
Computer Systems, Applications, and Phone System)**

24. Plaintiffs and other similarly situated employees were required by Defendant to perform unpaid work before clocking in each day, including, but not limited to, starting, booting up, and logging into Defendant's computer systems, numerous software applications, and phone systems.

25. By common policy and practice, Plaintiffs and other similarly situated employees were required to have their computers booted up and have several applications running before the start of their shifts so that they could commence work at their scheduled start times.

26. Defendant arbitrarily failed to count this work performed by Plaintiffs and other similarly situated employees as "hours worked."

27. Plaintiffs and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

28. Plaintiffs estimate that they spent approximately 10 to 20 minutes before their shifts start times clocking in each day, including but not limited to starting and logging into Defendant's computer systems, numerous software applications, and phone systems.

29. This unpaid work performed by Plaintiffs and other similarly situated employees was practically ascertainable to Defendant.

30. There was no practical administrative difficulty of recording this unpaid work of Plaintiffs and other similarly situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock in before they began booting up Defendant's computer systems, applications, and phone systems.

31. This unpaid work performed by Plaintiffs and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

32. Starting and logging into Defendant's computer systems, numerous software applications, and phone systems is an intrinsic element of their job duties. Plaintiffs and other similarly situated employees cannot dispense with these tasks if they are to be able to perform their work.

33. Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Plaintiffs and other similarly situated employees. They could not perform their work without booting up Defendant's computer systems, applications, and phone systems.

34. Defendant knowingly and willfully failed to pay Plaintiffs and other similarly situated sales agents for starting and logging into Defendant's computer systems, numerous software applications, and phone systems, during which they performed work that managers and/or other agents and/or representatives observed.

**(Failure to Pay For Post-Shift Work)**

35. Defendant has a policy that required Plaintiffs and other similarly situated employees to clock out after working their scheduled shift.

36. Defendant maintained this policy so that Plaintiffs and other similarly situated employees could not record working over 40 hours each week.

37. However, Defendant required Plaintiffs and other similarly situated employees to keep working and finish their job duties after clocking out.

38. Defendant required Plaintiffs and other similarly situated employees to continue

performing their sales activities with customers, including telephone and face-to-face meetings with customers.

39. Defendant arbitrarily failed to count this work performed by Plaintiffs and other similarly-situated employees as "hours worked."

40. Plaintiffs and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

41. Plaintiffs estimates that they frequently spent approximately 15 to 30 minutes after their shift end times performing this unpaid work.

42. This unpaid work performed by Plaintiffs and other similarly situated employees was practically ascertainable to Defendant.

43. There was no practical administrative difficulty of recording this unpaid work of Plaintiffs and other similarly situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock out after they completed their sales activities with customers.

44. This unpaid work performed by Plaintiffs and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

45. Defendant knowingly and willfully failed to pay Plaintiffs and other similarly situated sales agents for this post-shift work.

**(Failure to Pay Overtime Compensation)**

46. As a result of Plaintiffs and other similarly situated employees not being paid for all hours worked, Plaintiffs and other similarly situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

47. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

48. Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiffs and other similarly situated employees before clocking in each day.

49. The amount of time Plaintiffs and other similarly situated employees spent on their required and unpaid work amounted to approximately 30 to 40 minutes per day.

**COLLECTIVE ACTION ALLEGATIONS**

50. Plaintiffs bring Count One of this action on their own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

51. The class which Plaintiffs seek to represent and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiffs are themselves a member, is composed of and defined as follows:

> All former and current sales agents employed by Acceptance Insurance Agency of Tennessee, Inc. at any time between June 23, 2018 and the present.

52. Plaintiffs are unable to state at this time the exact size of the potential class, but upon information and belief avers that it consists of several thousand persons.

53. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiffs is representative of those other employees and are acting on behalf of their interests, as well as her

own, in bringing this action.

54. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

55. Plaintiffs bring Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of themselves and all other members of the class ("the Ohio Class") defined as:

> All former and current sales agents employed by Acceptance Insurance Agency of Tennessee, Inc. at any time between June 23, 2018 and the present.

56. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiffs are unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least several hundred persons.

57. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a) whether Defendant failed to pay overtime compensation to its employees for hours worked in excess of 40 each workweek; and
>
> (b) what amount of monetary relief will compensate Plaintiffs and other members of the class for Defendant's violation of R.C. § 4111.03 and § 4111.10.

58. The claims of the named Plaintiffs are typical of the claims of other members of the Ohio Class. Named Plaintiffs' claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

59. The named Plaintiffs will fairly and adequately protect the interests of the Ohio Class. Their interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiffs' counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

60. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

61. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

62. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

63. Defendant's practice and policy of not paying Plaintiffs and other similarly situated employees for work performed before clocking in each day and after clocking out each day violated the FLSA, 29 U.S.C. § 207.

64. Defendant's practice and policy of not paying Plaintiffs and other similarly situated

employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

65. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiffs and other similarly situated employees violated the FLSA, 29 CFR § 516.2(a)(7).

66. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

67. As a result of Defendant's practices and policies, Plaintiffs and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code 4111.03)

68. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

69. Defendant's practice and policy of not paying Plaintiffs and other similarly situated employees for work performed before clocking in each day and after clocking out each day violated the OMFWSA, R.C. § 4111.03.

70. Defendant's practice and policy of not paying Plaintiffs and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the OMFWSA, R.C. § 4111.03.

71. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

72. As a result of Defendant's practices and policies, Plaintiffs and other similarly situated employees have been damaged in that they have not received wages due to them pursuant

to the OMFWSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiffs and the classes they represent actual damages for unpaid wages;

D. Award Plaintiffs and the classes they represent liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the classes;

E. Award Plaintiffs and the classes they represent pre- and post-judgment interest at the statutory rate;

F. Award Plaintiffs and the classes they represent attorneys' fees, costs, and disbursements; and

G. Award Plaintiffs and the classes they represent further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Lori M. Griffin
Lori M. Griffin (0085241)
Anthony J. Lazzaro (0077962
Chastity L. Christy (0076977)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022

Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiffs

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

/s/ Lori M. Griffin
One of the Attorneys for Plaintiffs