UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANDREA FOSTER, *et al*., on behalf of themselves and all others similarly situated, | ) CASE NO. 1:21-cv-01242-SO ) ) |
| Plaintiffs, | ) JUDGE SOLOMON OLIVER, JR. ) |
| vs. | ) ) |
| ACCEPTANCE INSURANCE AGENCY OF TENNESSEE, INC., | ) **ORDER OF DISMISSAL AND** ) **APPROVING SETTLEMENT** ) ) |
| Defendant. | ) |

THIS CAUSE having come before the Court on the Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice, including the Joint Stipulation of Settlement and Release ("Settlement") and the Declaration of Chastity L. Christy, and due cause appearing therefore, it is hereby ORDERED AND ADJUDGED as follows:

1. On June 23, 2021, Representative Plaintiffs Andrea Foster and Tiana Jones filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and alleged that Defendant unlawfully failed to pay its hourly, non-exempt employees, including Plaintiffs, for all time worked and overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201-219. Plaintiff also filed a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. §4111.03. (Doc. No. 1.) Specifically, Plaintiffs allege that Defendant did not pay them for performing pre-shift work, including, but not limited to, starting, booting up, and logging into Defendant's computer systems, numerous software applications,

and phone systems. Additionally, Plaintiffs allege that Defendant required Plaintiffs to clock-out at their scheduled shift end times, but continue working off the clock to finish their job duties of performing their sales activities with customers, including telephone calls and face-to-face meetings. (*Id.*) Defendant denies these allegations and specifically denies that Plaintiffs performed any work off the clock.

2. On September 3, 2021, Defendant filed a Motion to Dismiss the Complaint and Compel Arbitration based on arbitration agreements allegedly signed by the Representative Plaintiffs that require arbitration of any dispute arising out of their employment with Defendant and prohibit them from bringing a collective and/or class action on behalf of others. (Doc. 12).

3. On October 20, 2021, the Parties filed a Joint Motion to Stay Proceedings so that they could explore possible early resolution. (Doc. 15.) The Court granted the Joint Motion on October 21, 2021 and granted a continued stay on February 2, 2022. (Doc. 17.)

4. On March 31, 2022, the Parties filed their Joint Motion for Leave to File Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice Under Seal, informing this Court, among other things, that the Parties had reached a resolution. (Doc. 18.)

5. The Parties stipulate to this Court that they engaged in substantial investigation and informal discovery prior to negotiating the Settlement, and relevant information was exchanged, including discovery relating to Plaintiffs' claims and Defendant's defenses. This included a complete analysis and calculations of Plaintiffs' and Opt-In Party Plaintiffs' alleged overtime damages.

6. Between October 2021 and March 2022, the Parties engaged in extensive legal discussions and correspondence, which included numerous and lengthy discussions and written communications. Between February 4, 2022 and March 30, 2022, the Parties engaged in

extensive settlement negotiations.

7. The Parties agree that *bona fide* disputes exist between the Parties, including whether Plaintiffs are required to individually arbitrate their disputes, whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA, and whether Plaintiffs are entitled to their claimed overtime compensation under the FLSA and/or OMFWSA.

8. Furthermore, there is a *bona fide* dispute over whether the two-year or three-year statute of limitations applies and whether Plaintiffs would be entitled to liquidated damages as Defendant claims it did not act willful and has a good faith defense.

9. In an effort to reach a compromise and to avoid the expense and burden of litigation and/or arbitration, the Parties reached an agreement to settle the Action on March 30, 2022 on the terms set forth in the Joint Stipulation of Settlement and Release attached as Exhibit 1 to the Parties' Joint Motion. The terms of the Parties' agreement are set forth in the Settlement Agreement attached as Exhibit 1 to the Parties Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice. The Parties reached the proposed Settlement after extensive research, discovery, legal debates, data analysis, and correspondence, and after good faith bargaining.

10. The Court hereby accepts and approves the proposed settlement and holds that the proposed settlement submitted by the Parties is a fair and reasonable settlement of a *bona fide* dispute over the provisions of the Fair Labor Standards Act.

11. The Court orders that the settlement payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement.

12. The above case is hereby DISMISSED WITH PREJUDICE; each party to bear their own attorneys' fees and costs except as otherwise provide by the Settlement. All pending

deadlines are stricken as moot. The Court shall retain jurisdiction to enforce the Parties' Settlement.

ORDERED this  29th  day of            April           , 2022.

                                           */S/ SOLOMON OLIVER, JR.*
                                           SOLOMON OLIVER, JR
                                           UNITED STATES DISTRICT JUDGE